**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALICE HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-3412 |
| | § | |
| WAL-MART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is a slip and fall case. Alice Hernandez sued Wal-Mart Stores, Inc. in state court, alleging that she had fallen on spilled liquid detergent while shopping at a Sam's Club in Houston, Texas. Hernandez asserted claims for negligence under Texas state law and sought to recover damages of up to $100,000. Wal-Mart removed. After discovery, Wal-Mart moved for summary judgment. No response has been filed. Based on a careful review of the pleadings, the motion and record, and the applicable law, this court grants the motion for summary judgment and, by separate order, enters final judgment. The reasons are set out below.

**I.    Background**

Hernandez alleged that on July 25, 2002, she slipped on liquid detergent and fell, injuring her lower back. She alleges that she may require surgery. In her deposition, Hernandez testified that it was hard to see the detergent on the floor because "[i] just looked like it was the floor." (Docket Entry No. 12, Ex. A, p. 21). She has no idea when it had been

spilled except that it occurred some time before she got to the aisle. She does not know how long it was there or how it came to be on the floor. (*Id*., pp. 48, 67).

Wal-Mart moves for summary judgment on the basis that the only and undisputed evidence in the record precludes premises liability, as a matter of Texas law.

**II.     Analysis**

The elements of a premises liability cause of action in Texas are:

(1)     Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2)     That the condition posed an unreasonable risk of harm;

(3)     That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4)     That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992) (quoting *Corbin v. Safeway Stores, Inc*., 648 S.W.2d 292, 296 (Tex.1983)).

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. Under FED. R. CIV. P. 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). If the burden of proof at trial lies with the nonmoving party, the movant may either

(1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate the evidence in the record insufficiently supports an essential element or claim. *Celotex*, 477 U.S. at 330. The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Bourdeaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). "An issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir.2003) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *Baton Rouge Oil & Chemical Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmoving cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 305 (5th Cir.2004). The nonmovant must do more than show that there is some metaphysical doubt as to the material facts. *Armstrong v. Am. Home Shield Corp.,* 333 F.3d 566, 568 (5th Cir. 2003).

In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Calbillo v. Cavender Oldsmobile, Inc.*, 288

F.3d 721, 725 (5th Cir. 2002); *Anderson*, 477 U.S. at 255. "Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 322).

In this case, there is no evidence that Wal-Mart had actual or constructive knowledge of the condition that caused Hernandez's injury. *See Keetch v. Kroger Co.*, 845 S.W.2d at 265. Absent a showing of actual knowledge, "constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-03 (Tex.2000). Texas courts have consistently refused to extend premises liability to cases if a plaintiff has not shown that an owner knew or should have known – based on the length of time a condition existed – about a dangerous condition. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814-16 (Tex. 2002). Such imposition of liability would be tantamount to establishing strict liability for slip-and-fall cases in Texas. *Id.* at 816.

In this case, there is no evidence that Wal-Mart knew of the alleged condition or should have known of the alleged condition – the presence of liquid detergent spilled on the floor. Hernandez does not know how the detergent spilled. She testified that she could not see the detergent, because it "looked like it was the floor." She does not know how long the allegedly dangerous condition existed because she does not know when the detergent spilled or if the area had been recently inspected. "There must be some proof of how long the

hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Wal-Mart Stores v. Reece*, 81 S.W.3d at 816.

A slip-and-fall plaintiff satisfies the notice element by establishing that: (1) the defendant placed the substance on the floor; (2) the defendant actually knew that the substance was on the floor; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d at 814. Because the record is devoid of evidence that Wal-Mart placed the foreign substance on the floor or actually knew it was there, Hernandez had to present evidence that the spill had been on the floor for a sufficient period to allow Wal-Mart had a reasonable opportunity to discover it. *Id.* The record does not support such an inference. Summary judgment for Wal-Mart is appropriate under Texas law.

SIGNED on August 19, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge